UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WALTON III, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>LISETE VILLARREAL-LOPEZ, *et al.*,<br><br>Defendants. | Case No. 1:25-cv-00295-CDB<br><br>ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY UNSERVED DEFENDANTS SHOULD NOT BE DISMISSED<br><br>ORDER REQUIRING PLAINTIFF TO FILE AMENDED PROOFS OF SERVICE AND APPLICATION FOR *GUARDIAN AD LITEM*<br><br>(Docs. 1, 10-18)<br><br>ORDER DENYING MOTION FOR ADMINISTRATIVE RELIEF AS MOOT<br><br>(Doc. 19)<br><br>**JUNE 9 AND 25, 2025, DEADLINES** |

**Background**

Plaintiffs Edwin Walton, III, and Edwin Walton, IV, initiated this action with the filing of a complaint on March 7, 2025, against numerous Defendants, consisting of social workers and deputy sheriffs employed by the County of Kern. Plaintiffs' claims arise out of the alleged removal of Plaintiff Edwin Walton, IV, a minor at the time of the events, from his father Edwin Walton, III,

1 without cause or consent. *See* (Doc. 1).

2       Pending before the Court is the motion of Plaintiffs for administrative relief. (Doc. 19). In
3 short, Plaintiff seeks to be relieved of the requirement to file a joint scheduling report one week in
4 advance of the scheduling conference set for June 9, 2025, and to continue the scheduling
5 conference. *See id.* The motion is supported by the declaration of Plaintiffs' counsel, Robert R.
6 Powell. (Doc. 19-1). Counsel attests that the requested relief is warranted because Plaintiffs only
7 recently have completed service of summonses and complaint on Defendants, no Defendant has
8 timely appeared or filed a responsive pleading, and counsel requests additional time to confer with
9 counsel for nonparty County of Kern regarding scheduling of the case. *See id.*

10 **Discussion**

11       The docket reflects the filing of proofs of service of summons and complaint on only nine
12 of the 14 named Defendants. (Docs. 10-18).

13       As to those Defendants for whom no proof of service has been filed, Rule 4(m) of the
14 Federal Rules of Civil Procedure provides: "If a defendant is not served within 90 days after the
15 complaint is filed, the court - on motion or on its own after notice to the plaintiff - must dismiss the
16 action without prejudice against that defendant or order that service be made within a specified
17 time." Fed. R. Civ. P. 4(m). Absent a showing of good cause, failure to comply with Rule 4(m)
18 requires dismissal of any unserved defendant. Thus, here, the unserved Defendants (Stefany Ceja-
19 Granados, [FNU] Mendoza, [FNU] Garcia, Daniel Rickard, and [FNU] Duncan) are subject to
20 dismissal if they are not served by June 9, 2025.

21       As to the Defendants for whom a proof of service has been filed, the Court deems the proofs
22 of service inadequate. Specifically, Local Rule 210(b) requires a proof of service to indicate "the
23 name and address of the person making the service." Here, while the proofs of service are signed,
24 the signature is illegible and the person making service otherwise is not named or identified in the
25 proof of service. Separately, Local Rule 135(c) requires a proof of service to include the server's
26 attestation regarding manner of service. Here, all nine proofs of service state that the served
27 Defendant was served "by personal service" at identified addresses. However, the proofs of service
28 do not specify whether "personal service" was accomplished by delivering the summons and

complaint to the Defendant "personally" (*see* Fed. R. Civ. P. 4(e)(2)(A)) or by leaving a copy at the Defendant's dwelling or usual place of abode with someone of suitable age and discretion who resides there (*see* Fed. R. Civ. P. 4(e)(2)(B)).

While it is conceivable that the process server, in fact, successfully served all nine Defendants by hand delivering the summons and complaint to each of them, given that all nine Defendants now are in default for their failure to timely file a responsive pleading, the Court is unwilling to direct Plaintiffs to apply for entry of default until Plaintiffs provide clarifying information confirming the manner of service undertaken with respect to each Defendant.

Lastly, in Plaintiffs' complaint, they represent that, due to an autism diagnosis for Edwin Walton, IV, they will seek a *guardian ad litem* in this litigation. (Doc. 1 at 2). As no such application has been filed, the Court will direct Plaintiffs to file the application or, in the alternative, a notice setting forth why such an application is no longer necessary.

**Conclusion and Order**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiffs shall show cause in writing no later than **June 9, 2025**, why Defendants Stefany Ceja-Granados, [FNU] Mendoza, [FNU] Garcia, Daniel Rickard, and [FNU] Duncan should not be dismissed for failure to timely effect service upon them consistent with Rule 4(m). Plaintiffs may comply with this order in the alternative by filing proofs of service by that same deadline reflecting service upon said Defendants.

2. Plaintiffs shall file amended proofs of service by that same deadline that (1) identify the name of the person effecting service, and (2) specify how personal service was effected (*i.e.,* whether by Fed. R. Civ. P. 4(e)(2)(A) or 4(e)(2)(B)). *See* (Docs. 10-18).

3. No later than **June 25, 2025**, Plaintiffs shall file an application for appointment of a *guardian ad litem* for Edwin Walton, IV, or, in the alternative, a notice setting forth why such an application is no longer necessary. *See* Fed. R. Civ. P. 17; Local Rule 202.

4. The scheduling conference currently set for June 9, 2025, is continued to **July 10, 2025**, at 9:00 a.m. in Bakersfield (CDB) before the undersigned. The parties shall file their joint scheduling report no later than one week in advance of the conference (*i.e.*, July 3,

2025) and pursuant to the requirements set forth in the case opening documents (Doc. 9).

5. Plaintiff's motion for administrative relief (Doc. 19) is DENIED as moot.

**Any failure by Plaintiffs to comply with the provisions of this order may result in the imposition of sanctions, up to and including a recommendation of dismissal of unserved Defendants or this action in its entirety.**

IT IS SO ORDERED.

Dated:   **June 4, 2025**                        _____
                                                                UNITED STATES MAGISTRATE JUDGE