UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WALTON, III, *et al.*, | Case No. 1:25-cv-00295-CDB |
| Plaintiffs, | ORDER ON STIPULATION TO PRODUCE, EXCHANGE, AND PERMIT ACCESS TO PRIVILEGED DOCUMENTS |
| v. | |
| LISETE VILLARREAL-LOPEZ, *et al.*, | |
| Defendants. | (Doc. 53) |
| ALEJANDRO ANDRES PEREZ, *et al.*, | Case No. 1:25-cv-00358-CDB |
| Plaintiffs, | ORDER ON STIPULATION TO PRODUCE, EXCHANGE, AND PERMIT ACCESS TO PRIVILEGED DOCUMENTS |
| v. | |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |
| E.P., *et al.*, | Case No. 1:25-cv-01260-JLT-CDB |
| Plaintiffs, | ORDER ON STIPULATION TO PRODUCE, EXCHANGE, AND PERMIT ACCESS TO PRIVILEGED DOCUMENTS |
| v. | |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |

Plaintiffs Edwin Walton, III, and Edwin Walton, IV ("Plaintiffs") initiated the action denominated Case No. 1:25-cv-00295-CDB with the filing of a complaint on March 7, 2025,

against numerous Defendants employed by the County of Kern as social workers and deputy sheriffs. (Doc. 1). On August 27, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 45). On January 20, 2026, the Court granted the parties' stipulated request to amend the scheduling order as modified. (Doc. 50).

Pending before the Court is the stipulated request of the parties in this action (1:25-cv-00295-CDB) ("*Walton*"), in the *A.P., et al.  v. County of Kern, et al.* 1:25-cv-00358-CDB (*"Perez"*) action, and in the *E.P., et al. v. County of Kern*, *et al.* (1:25-cv-01260-JLT-CDB) ("*EP*") action for an order to produce, exchange, and permit access to privileged documents, filed on March 29, 2026. (Doc. 53). The parties jointly move for an order that all parties exchange and provide to all other parties access to documents which may otherwise be confidential or protected by California Welfare & Institutions Code 827 and California Rule of Court, Rule 5.552, without having to redact the names of any parties in the three actions noted above. *Id.* at 2. The parties represent that all three actions involve County of Kern social workers and/or sheriffs and all concern juveniles, and that many documents sought and agreed upon by all counsel for the parties as necessary in this litigation are protected as confidential by the provisions of §§ 827 and 828 and Penal Code § 11167.5. *Id.* at 3.

The parties further represent that protective orders are already in place in the *Walton* and *Perez* actions and the parties in *E.P.* will have a protective order submitted to the Court shortly. *Id.* Counsel for all parties have met and conferred regarding redaction and discovery-related matters and agree that because the parties, events, legal issues, and facts of each case are related and/or entangled, it is best that aspects of discovery be coordinated in certain particulars as to all three cases to promote judicial and party efficiency. *Id.* at 4. Counsel for all parties understand that there are more than 21,000 pages of documents that are arguably directly and/or indirectly related to the allegations of each of the three complaints and are likely either relevant or reasonably likely to lead to the discovery of admissible evidence. *Id.* All Plaintiffs agree that any and all document(s) that would otherwise be protected pursuant to § 827 and California Rules of Court Rule 5.551 can be produced, exchanged and accessed by and to any other party and their counsel

who are involved in *Perez, Walton, E.P.*, without redacting that parties' name or personal information. *Id.* at 4-5. The parties represent that § 827(W)(iii) provides that information contained in the juvenile case file that pertains only to a sibling or to a minor who is not the subject of the juvenile case file shall remain confidential and shall not be released pursuant to this subparagraph absent an order by the juvenile court, and that the instant stipulated request is to allow the names of minors who are parties to this litigation to be released, and all other minors, including the name of the minor daughter of Defendant Eichhorst whose name is already known to counsel and the parties, shall remain redacted. *Id.* at 5. The parties therefore request the Court enter the parties' request for order to produce, exchange, and permit access to privileged documents as set forth in their stipulation. *See id.* at 5-6.

Based on the parties' stipulated representations, the Court finds good cause exists enter an order for the parties to produce, exchange, and permit access to privilege documents as set forth in the stipulation.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1.  The parties' stipulated request for order to produce, exchange, and permit access to privileged documents (Doc. 53) is GRANTED. The Court orders pursuant to the stipulation as follows:

    a.  Counsel for the County of Kern and related County Defendants ("County's Counsel"), shall produce to Plaintiffs' counsel Wyatt Vespermann and Robert R. Powell, for use only in the captioned cases, those documents previously produced by Defendants in *Alejandro Perez v. County of Kern, et al.*, No. 1:25-cv-00358-CDB ("*Perez*"), which is in excess of 8,000 pages ("the 8,000"), and the e-discovery documents responsive to the discovery requests produced by Defendants in *Perez* which is in excess of 13,000 pages ("the 13,000"), promptly but no later than **14 days** after entry of this order.

        ///

        ///

3

b.  The documents will be unredacted as to the minors who are parties in any of the three actions.  Entry of this Stipulation and Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, privacy or other privileges, confidentiality per statutes, or any Party's right to contest any such assertion.

c.  The documents will be Bates stamped in the lower right-hand corner, with the original approximate 8,000 documents bate stamped with the prefix "COK--#####," and the approximate 13,000 will be bate stamped consecutively starting with COK 8100.

d.  The parties will further meet and confer in an effort to distill approximately 21,000 documents  down to one single collection of these that reduces duplication of any documents, where feasible, however, counsel may agree amongst themselves to address, or not address this part of this order as they see fit, or reach any agreement that facilitates to their satisfaction the orderly use of these documents during discovery.

e.  All documents produced or exchanged pursuant to this order remain subject to the stipulated protective orders filed in this case, and in the other two cases, and to the extent a stipulated protective order is not at the time of this order in place in the matter of *E.P.*, all counsel will be bound as if filed and as if identical in scope and purpose to the stipulated protective order filed in *Perez*, and the Court directs counsel in the matter of *E.P.* to submit a stipulated protective order in that matter no later than **14 days** from the entry of this order.

IT IS SO ORDERED.

Dated:   **March 30, 2026**

_____
UNITED STATES MAGISTRATE JUDGE

4