UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WALTON, III, *et al.*, | Case No. 1:25-cv-00295-CDB |
| Plaintiffs, | |
| v. | ORDER ON STIPULATION TO INCORPORATE LAW ENFORCEMENT RELATED MATERIALS WITHIN TERMS OF PRIOR PROECTIVE AND DOCUMENT SHARING ORDERS |
| LISETE VILLARREAL-LOPEZ, *et al.*, | |
| Defendants. | |
| | (Doc. 59) |
| ALEJANDRO ANDRES PEREZ, *et al.*, | Case No. 1:25-cv-00358-CDB |
| Plaintiffs, | |
| v. | ORDER ON STIPULATION TO INCORPORATE LAW ENFORCEMENT RELATED MATERIALS WITHIN TERMS OF PRIOR PROECTIVE AND DOCUMENT SHARING ORDERS |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |
| | (Doc. 96) |
| E.P., *et al.*, | Case No. 1:25-cv-01260-JLT-CDB |
| Plaintiffs, | |
| v. | ORDER ON STIPULATION TO INCORPORATE LAW ENFORCEMENT RELATED MATERIALS WITHIN TERMS OF PRIOR PROECTIVE AND DOCUMENT SHARING ORDERS |
| COUNTY OF KERN, *et al.*, | |
| Defendants. | |
| | (Doc. 51) |

Plaintiffs Edwin Walton, III, and Edwin Walton, IV ("Plaintiffs") initiated the action denominated Case No. 1:25-cv-00295-CDB with the filing of a complaint on March 7, 2025, against numerous Defendants employed by the County of Kern as social workers and deputy sheriffs. (Doc. 1). On August 27, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines. (Doc. 45). On January 20, 2026, the Court granted the parties' stipulated request to amend the scheduling order as modified. (Doc. 50).

Pending before the Court is the stipulated request of the parties in this action (1:25-cv-00295-CDB) ("*Walton*"), in the *A.P., et al.  v. County of Kern, et al.* 1:25-cv-00358-CDB (*"Perez"*) action, and in the *E.P., et al. v. County of Kern*, *et al.* (1:25-cv-01260-JLT-CDB) ("*E.P.*") action for an order to incorporate law enforcement related materials within the terms of prior protective and document sharing orders of these actions. (Doc. 59 at 3). The parties represent that documents and evidence from law enforcement are available that are or may be relevant in these three connected matters. *Id.* The parties seek the Court to order that these materials be produced and are included within the ambit of the existing protective orders and stipulations to produce, exchange, and permit access to privileged documents of the three matters. *Id.* at 3-4.

Based on the parties' stipulated representations, the Court finds good cause exists to enter an order to incorporate law enforcement related materials within the terms of the existing protective orders and document sharing orders of the three matters as set forth in the stipulation.

**Conclusion and Order**

Accordingly, it is HEREBY ORDERED that:

1. The parties' stipulated request for order to incorporate law enforcement related materials within the terms of the existing protective orders and document sharing orders of the three matters (*Walton III, et al. v. Villarreal-Lopez, et al.* 1:25-cv-00295-CDB ("*Walton*"), *A.P., et al. v. County of Kern, et al.* 1:25-cv-00358-CDB (*"Perez"*), and *E.P., et al. v. County of Kern*, *et al.* 1:25-cv-01260-JLT-CDB ("*E.P.*")) (Doc. 59) is GRANTED. Accordingly, the Court orders pursuant to the stipulation as follows:

a. Any law enforcement related documents or evidence related in any way to the parties and/or allegations made in the three matters contained in the caption to this document that would be subject to Welfare and Institutions Code 828, are ordered to be produced and are expressly included for all purposes within the terms of the orders on stipulation to produce, exchange, and permit access to privileged documents (*Walton* Doc. 54; *Perez* Doc. 91; *E.P.* Doc. 44), and the stipulated protective orders in those matters (*Walton* Doc. 61; *Perez* Doc. 39; *E.P.* Doc. 49) and covered by the protections from disclosure and other terms of the stipulated protective orders in the three matters.

b. The documents will be unredacted as to all adults, and as to the minors who are parties in any of the three actions. Entry of this stipulation and order does not alter, waive, modify, or a bridge any right, privilege, or protection otherwise available to any party with respect to the discovery and production of those documents, including but not limited to any parties right to assert the attorney-client privilege, the attorney work product doctrine, privacy or other privileges, confidentiality per statutes, or any parties right to contest any such assertion other than as expressly stated herein.

c. The parties shall meet and confer promptly initially, and timely thereafter, over any disputes with regard to producing discovery, until it is clear agreement cannot be reached, at which point the parties will follow this Court's orders of utilizing the pre-discovery filing teleconference procedure. *See* (Doc. 45 at 4).

IT IS SO ORDERED.

Dated:   **April 28, 2026**

_____
UNITED STATES MAGISTRATE JUDGE