UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WALTON, III, *et al.*, | Case No. 1:25-cv-00295-CDB |
| Plaintiffs, | ORDER RE INFORMAL REQUEST FOR |
| v. | RESOLUTION OF DISCOVERY \| DISPUTES |
| LISETE VILLARREAL-LOPEZ, *et al.*, | |
| Defendants. | (Doc. 64) |

Plaintiffs Edwin Walton, III, and Edwin Walton, IV ("Plaintiffs") initiated this action with the filing of a complaint on March 7, 2025, against numerous individual Defendants employed by the County of Kern as social workers and deputy sheriffs ("Defendants").  (Doc. 1).

Pending before the Court is the parties' joint request to resolve discovery disputes they have agreed to submit to the Court for adjudication through its informal discovery dispute procedures.  The request follows the parties' unsuccessful meet and confer efforts to resolve disputes arising from Plaintiffs' service of a subpoena pursuant to Rule 45, Federal Rules of Civil Procedure ("Rule 45") upon nonparties Kern County Sheriff's Office ("KCSO") and Kern County Department of Human Services ("KCDHS") for the production of certain documents and information.  *See* (Docs. 55, 64).  Although that subpoena is not part of the record, at the direction of the Court, Plaintiffs' counsel lodged the subpoena with the Court.  The subpoena's proof of service reflects it was served by Plaintiffs upon then-noticed counsel for the individual Defendants

(Kern County Counsel, who presumably accepted service of the subpoena on behalf of nonparties KCSO and KCDHS), with a return date of January 12, 2025 [*sic*] (presumably, 2026).

The Court convened via Zoom for an informal discovery dispute videoconference on May 1, 2026. (Doc. 86). Plaintiffs appeared through attorney Robert Powell; Defendants appeared through attorney Victoria Bernhardt. At the beginning of the conference, the parties agreed to the Court's resolution of the identified discovery disputes outside the Local Rule 251 parameters governing motions to compel and agreed to abide by an anticipated order of the Court resolving the disputes to the exclusion of seeking relief through a motion to compel.

**Governing Legal Standard**

Federal Rule of Civil Procedure 45 governs subpoenas, which are the mechanism for obtaining discovery and testimony from nonparties. A subpoena may be issued by the Court, the Clerk of Court, or an attorney as an officer of the Court for witnesses and documents found within its jurisdiction. *See* Fed. R. Civ. P. 45(a)(2), (3). Rule 45 sets forth a subpoena recipient's duties in relation to responding to a subpoena, including, as relevant here, producing documents or making them available for inspection as called for by the subpoena and/or serving objections no later than the date specified for compliance.

The only authority in the Federal Rules of Civil Procedure to sanction a nonparty to an action for failure to comply with a subpoena is Rule 45(g). *Pennwalt Corp. v. Durand-Wayland, In*c., 708 F.2d 492, 494 (9th Cir. 1983). A properly issued subpoena is itself a court order and a party's noncompliance may warrant contempt sanctions. *Id*. at 494 n.5; *U.S. S.E.C. v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Rule 45(g) provides that the court "may hold in contempt a person, who having been served, fails without adequate excuse to obey the subpoena or an order related to it." Where a party is seeking to have a contempt sanction imposed against a nonparty, the nonparty has the right to a meaningful opportunity to be heard. *Hyatt*, 621 F.3d at 697-97; *Fisher v. Marubeni Cotton Corp*., 526 F.2d 1338, 1342 (8th Cir. 1975).

**Discussion**

The parties' discovery disputes generally involve two issues, addressed below.

///

**A. Issue No. 1 – Identification and Production of 911 Call**

The parties represent that KCSO and/or KCDHS may have possession of a 911 call further described in the parties' joint letter brief (*see* Doc. 64 at 1) that presumably Plaintiffs deem responsive to the call of the Rule 45 subpoena. As best as the Court could gather from counsel for the parties during the conference, counsel for Defendants, although not representing either KCSO or KCDHS, has intermediated with counsel for Plaintiffs and counsel for the nonparties concerning the Rule 45 subpoena. Counsel for Defendants represented that counsel for the nonparties to date has not conclusively established whether the 911 call is in the nonparties' possession, custody, or control.

The Court has no information before it whether either KCSO or KCDHS has returned to Plaintiffs any documents or information in response to the subpoena, served objections, or otherwise. And it is unknown whether Plaintiffs have extended the return date that appears on the version of the subpoena counsel for Plaintiffs lodged with the Court (January 12, 2026). The Court observes that the subpoena's January 12 return date lapsed more than three months ago. Absent any adequate excuse by KCSO or KCHDS to obey the subpoena, or to timely serve an objection or an attestation by a competent witness that a diligent search was performed and no 911 calls responsive to the subpoena were located, Plaintiffs retain recourse to seeking relief for the nonparties' perceived noncompliance pursuant to Rule 45(g).

**B. Issue No. 2- Documents and Communications/ESI Relating to "The Incident"**

Plaintiffs' Rule 45 subpoena also seeks the return by KCSO and KCDHS of certain electronically stored information ("ESI"). *See* (Doc. 64 at 1-2). Defendants (or Defendants and counsel for KCSO/KCDHS) take the position that the scope of the subpoena's call for ESI is too broad, both as to content and to the time period identified in the subpoena.

Although the Court gleaned from the parties' representations both in their joint letter brief and during the conference that counsel for KCSO/KCDHS has invited Plaintiffs to propose names of custodians to search and keywords to facilitate a search for responsive ESI, those consultations appear nascent and the Court lacks sufficient information to inform an assessment about the appropriate confines of any ESI search. The Court offered during the conference some preliminary

observations that are set forth and preserved on the record about the likely overbreadth of the scope of the subpoena's ESI provisions and commended the parties to continue meet and confer efforts to reach consensus on the issues of custodians, search terms, and time period.

**Conclusion**

As set forth above and further preserved on the record of the informal discovery dispute conference, the Court deems the parties' informal request for resolution of discovery disputes (Doc. 64) RESOLVED.

IT IS SO ORDERED.

Dated:    **May 1, 2026**    _____
UNITED STATES MAGISTRATE JUDGE