UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWIN WALTON, III, *et al.*, | Case No. 1:25-cv-00295-CDB |
| Plaintiffs, | ORDER ON DEFENDANTS' REQUEST TO COMPEL PLAINTIFFS TO SUBMIT TO RULE 35 EXAMINATION |
| v. | |
| LISETE VILLARREAL-LOPEZ, *et al.*, | (Doc. 92) |
| Defendants. | |

Plaintiffs Edwin Walton, III ("Walton III") and Edwin Walton, IV ("Walton IV") (collectively, "Plaintiffs") initiated this action with the filing of a complaint on March 7, 2025, against numerous individual Defendants employed by the County of Kern as social workers and deputy sheriffs ("Defendants"). (Doc. 1).

Pending before the Court is Defendants' opposed request for a court order (1) compelling Plaintiffs to submit to an independent mental examination pursuant to Federal Rule of Civil Procedure 35 ("Rule 35") or, in the alternative, (2) precluding Plaintiffs from presenting any evidence to support their claim for emotional distress damages (presumably in connection with either dispositive motions or trial). (Doc. 92). The parties presented the Rule 35 dispute and their respective views about the dispute to the Court through a joint informal discovery dispute letter brief. (Docs. 89, 92).

The Court convened via Zoom videoconference for hearing on the parties' dispute on May

12, 2026. (Doc. 93). Plaintiffs appeared through attorney Robert Powell; Defendants appeared through attorney Victoria Bernhardt.

**Background**

Plaintiffs allege that deputy sheriffs unlawfully removed Walton IV from Walton III's residence on or about March 10, 2023, on the grounds that the physical condition of the residence posed a threat to then-17-year-old Walton IV. Plaintiffs further allege that social workers unlawfully kept Walton IV in their custody for approximately four days before returning him to Walton III's custody. Plaintiffs allege that Defendants' actions constituted an unlawful warrantless seizure and unlawful detention in violation of their rights to familial association under the Fourth and Fourteenth Amendments to the U.S. Constitution.

In their complaint, Plaintiffs allege that Defendants' unlawful conduct caused them to suffer "severe emotional distress, anxiety, and general damage to their psyche, to such an extent as to cause physical manifestations, including, but not limited to, anger, depression, headaches, nausea, loss of appetite, sleeplessness, nightmares, tearfulness, and fatigue." Plaintiffs also allege that Defendants caused Walton III (the father) to experience "humiliation, embarrassment, and loss of reputation in the community." Plaintiffs allege that they will continue to suffer in the future "physical and/or mental anxiety and anguish" as a result of Defendants' unconstitutional actions.

**Governing Legal Standard**

Pursuant to Rule 35, a party may apply for court order requiring another party to submit to a mental examination. The requesting party bears the burden "to show that the mental or physical condition of the party who is to be examined is in controversy, and that there is good cause for the examination." *McMillan v. Valley Rubber & Gasket Co., Inc.*, No. 2:14-cv-01359-TLN-KJN, 2017 WL 3383120, at *12 (E.D. Cal. Aug. 7, 2017) (internal quotations and citations omitted). *See Schlagenhauf v. Holder*, 379 U.S. 104, 118 (1964) (holding that the "in controversy" and "good cause" requirements of Rule 35 "require an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination.").

Although the Ninth Circuit has not published any opinion materially addressing the "in

controversy" and "good cause" requirements, judges in this District and other district courts within the Ninth Circuit routinely conduct a multi-factor analysis, derived from the published decision of *Turner v. Imperial Stores* (161 F.R.D. 89 (S.D. Cal. 1995)) to determine whether a party's mental condition is "in controversy." *E.g., McMillan,* 2017 WL 3383120, at *13; *Preston v. City of Oakland*, No. 14-cv-02022 NC, 2015 WL 12976100, at *1 (N.D. Cal. Jan. 28, 2015); *Silva v. Mercado Food Enterprise, Inc*., No. 1:10-cv-02368-AWI-JLT , 2012 WL 174926, at *2 (E.D. Cal. Jan. 20, 2012). Because the parties in their joint letter brief both acknowledge and weigh the same factors (*see* Doc. 92 at 2, 6-7), the Court considers them below:

> In general, a party's mental condition is in controversy when the case involves, [1] a claim for intentional or negligent infliction of emotional distress, [2] there is an allegation of a specific mental or psychiatric injury or disorder, [3] a claim of unusually severe emotional distress, [4] the plaintiff offers expert testimony to support the claim of emotional distress and [5] when the plaintiff has conceded that his mental condition is in controversy.

*Silva*, 2012 WL 174926, at *2.

Here, the Court finds Defendants have failed to carry their burden to demonstrate that Plaintiffs' claimed emotional distress is sufficiently "in controversy" to warrant ordering at this time an independent medical examination pursuant to Rule 35. Plaintiffs have not asserted a stand-alone IIED or NIED claim. They also have not alleged suffering from a clinically diagnosed mental or emotional disorder (*i.e*., PTSD). On the other hand, they have alleged Defendants' unlawful conduct caused them to experience symptoms of emotional distress, including anger, depression, headaches, nausea, loss of appetite, sleeplessness, nightmares, tearfulness, and fatigue. The Court acknowledges that these types of allegations suggest the emotional distress at issue is something more than "garden variety" (*see, e.g., Preston*, 2015 WL 12976100, at *2), although the same symptoms reasonably could be those "normally associated with or attendant to the suffering of or recovery from" the same type of constitutional harm alleged here (the forcible removal of a child from a parent for a four-day period). *See Houghton v. M & F Fishing, Inc*., 198 F.R.D. 666, 669 (S.D. Cal. 2001). Separately, although the operative complaint alleges "severe" emotional distress, it does not allege "unusually" severe emotional distress. And even though Plaintiffs identified in their Rule 26 disclosures that collectively they seek more than $1,000,000

in emotional distress damages (*see* Doc. 92 at 4), "the amount of the emotional distress damages sought by plaintiff is also not by itself dispositive of the issue presented." *Preston*, 2015 WL 12976100, at \*2 (citing *Turner*, 161 F.R.D. at 97, for its holding that a claim for damages in excess of $1 million for "humiliation, mental anguish, and emotional distress" does not, without more, warrant an independent mental examination).

Importantly, at the discovery dispute conference, counsel for Plaintiffs represented that they had not been treated by a medical professional for any emotional distress resulting from the events alleged in the complaint *and* that they did not intend to retain an expert witness or proffer expert testimony concerning Plaintiffs' mental and emotional conditions. Defendants did not refute these representations by Plaintiffs and otherwise do not proffer in support of their request for an order directing a Rule 35 examination discovery documents suggesting, for instance, that Plaintiffs have sought treatment for any mental or emotional conditions. This strongly weighs against finding that Plaintiffs' mental states are "in controversy" for purposes of Rule 35. *See Hunt v. Sunrise Ops. LLC*, No. 23-cv-06441-SI, 2025 WL 2555855, at \*2 (N.D. Cal. Sept. 5, 2025); *cf. McMillan*, 2017 WL 3383120, at \*16 (ordering "[u]nless Plaintiff files a notice with this Court within 14 days of this Order indicating he will not be offering expert testimony in support of his claims for emotional distress, Plaintiff shall submit to a mental examination").

In sum, because Defendants have not established that Plaintiffs' mental condition is "in controversy" for purposes of Rule 35, Defendants are not entitled to an order requiring such an examination. As such, the Court need not separately consider whether good cause exists to order a Rule 35 examination.

The Court observes that, at the time of the discovery dispute, the parties represented that Plaintiffs had not been deposed and fact discovery does not conclude until June 10, 2026 (*see* Doc. 63). "This further weighs against" ordering a Rule 35 examination. *Hunt*, 2025 WL 2555855, at \*2. If Plaintiffs' deposition testimony materially alters the facts and circumstances addressed herein that inform the Court's assessment of whether their mental condition is in controversy and good cause warrants ordering a Rule 35 examination, Defendants may reapply to the Court for relief, and upon a proper showing by Defendants, the Court may consider, among other forms of

4

relief, directing Plaintiffs to either submit to a Rule 35 examination or enter into a stipulation available to the jury that limits Plaintiffs' freedom to present evidence concerning their alleged mental and emotional injuries. *E.g.*, *Pringle v. Wheeler*, No. 19-cv-07432-WHO, 2021 WL 1907824, at *4-5 (N.D. Cal. Apr. 16, 2021); *Alfredo v. Ditech Fin. LLC*, No. , 2018 WL 11347246, at *3 (C.D. Cal. Dec. 3, 2018); *Preston*, 2015 WL 12976100, at *3.

**Conclusion and Order**

For the reasons set forth above and further preserved on the record of the informal discovery dispute conference, the Court DENIES without prejudice Defendants' request to require Plaintiffs to submit to an independent medical examination pursuant to Fed. R Civ. P. 35 (Doc. 92).

IT IS SO ORDERED.

Dated:   **May 15, 2026**

_____
UNITED STATES MAGISTRATE JUDGE