UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN WALTON, III, *et al.*,

Plaintiffs,

v.

LISETE VILLARREAL-LOPEZ, *et al.*,

Defendants.

Case No. 1:25-cv-00295-CDB

ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO MODIFY THE SCHEDULING ORDER AND FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

(Doc. 97)

**Deadline: Oct. 13, 2026**

ORDER DIRECTING PARTIES TO FILE JOINT STATUS REPORT REGARDING STIPULATED OR PROPOSED REVISED CASE MANAGEMENT DATES

**Deadline: Oct. 19, 2026**

Plaintiffs Edwin Walton, III ("Walton III") and Edwin Walton, IV ("Walton IV") (collectively, "Plaintiffs") initiated this action with the filing of a complaint on March 7, 2025, against numerous individual Defendants employed by the County of Kern as social workers and deputy sheriffs ("Defendants"). (Doc. 1).

Pending before the Court is the motion of Plaintiffs for leave to modify the scheduling order and for leave to file a first amended complaint ("FAC"), filed on July 7, 2026. (Doc. 97). On July 21, 2026, Defendants filed an opposition, and on July 31, 2026, Plaintiffs replied. (Docs. 100, 101).

On August 6, 2026, the Court deemed the motion suitable for disposition without hearing and oral argument and vacated the motion hearing set for August 12, 2026. (Doc. 102) (citing L.R. 230(g)). The Court finds and rules as follows.

## I. <u>Relevant Background</u>

Plaintiffs' claims arise out of the alleged unlawful removal of Walton IV, a minor at the time of the events, from his father Walton III, by deputy sheriffs without cause or consent on or about March 10, 2023. *See* (Doc. 1). Plaintiffs further allege that social workers unlawfully kept Walton IV in their custody for approximately four days before returning him to Walton III's custody. Plaintiffs allege that Defendants' actions constituted an unlawful warrantless seizure and unlawful detention in violation of their rights to familial association under the Fourth and Fourteenth Amendments to the U.S. Constitution. *See id.*

Following a scheduling conference, on August 27, 2025, the Court entered the operative scheduling order setting forth discovery, motion and pretrial and trial dates and deadlines, including, relevant here, a deadline of November 25, 2025, to amend pleadings. (Doc. 45). On January 20, 2026, the Court granted the parties' stipulated request to amend the scheduling order as modified. (Doc. 50). On April 28, 2026, the Court granted the parties' further stipulated request to modify the scheduling order to extend nonexpert discovery to June 10, 2026. (Doc. 63). All discovery closed on July 20, 2026, and the pretrial conference is scheduled for January 11, 2027, with trial to commence on March 9, 2027. (Doc. 50 at 3).

## II. <u>Governing Authority</u>

### A. Rule 16

"Generally, Federal Rule of Civil Procedure 15(a) liberally allows for amendments to pleadings." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1294 (9th Cir. 2000). However, a district court "should address the issue under Federal Rule of Civil Procedure 16 [where] it had filed a pretrial scheduling order that established a timetable for amending the pleadings, and the deadline had expired before [plaintiffs] moved to amend." *Id.*; *e.g., Beech v. San Joaquin County*, No. 2:15-cv-00268-TLN-CKD, 2019 WL 5566250, at *2 (E.D. Cal. Oct. 29, 2019) ("When a court issues a pretrial scheduling order that establishes a timetable to amend the complaint, Rule 16

governs any amendments to the complaint."); *Moriarty v. Cnty. of San Diego*, No. 17-cv-1154-LAB (AGS), 2019 WL 4643602, at *4 (S.D. Cal. Sept. 24, 2019) ("Ordinarily, leave to amend is governed by Fed. R. Civ. P. 15(a)'s standard. Here, however, amendment would also require amending the scheduling order, implicating Fed. R. Civ. P. 16.").

District courts enter scheduling orders in actions to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3). Once entered, a scheduling order "controls the course of the action unless the court modifies it." Fed. R Civ. P. 16(d). Scheduling orders are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992).

"A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (quotation and citation omitted). Under Federal Rule of Civil Procedure 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Rule 16(b)'s 'good cause' standard primarily considers the diligence of the party seeking the amendment." *Johnson*, 975 F.2d at 609 (finding that a belated motion to amend is governed by Rule 16 and not Rule 15(a)). If the moving party is unable to reasonably meet a deadline despite acting diligently, the scheduling order may be modified. *Id*. If, however, the moving party "'was not diligent, the inquiry should end' and the motion to modify should not be granted." *Zivkovic v. So. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (quoting *Johnson*, 975 F.2d at 609); *see In re Western States Wholesale Natural Gas Antitrust Litigation*, 715 F.3d 716, 737 (9th Cir. 2013) (noting that "a court may take into account any prejudice to the party opposing modification of the scheduling order," but reiterating under *Johnson* "the focus" of the Rule 16(b) analysis is the moving party's reasons for seeking modification). "Only upon a finding of good cause will the court then evaluate the request to amend the complaint under Rule 15(a)'s standards." *Baugher Ranch Organics v. Great Host Int'l, Inc.*, No. 2:21-cv-00646-MCE-DB, 2023 WL 6164029, at *1-2 (E.D. Cal Sept. 21, 2023) (declining to conduct a Rule 15 analysis after finding that the moving party failed to establish good cause); *accord Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1419 (11th Cir. 1998) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and

effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.").

**B. Rule 15**

Federal Rule of Civil Procedure 15 provides that a plaintiff may amend the complaint only by leave of the court or by written consent of the adverse party if the amendment is sought more than 21 days after the filing of a responsive pleading or a motion to dismiss. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal" and a court should freely give leave to amend when "justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006); *see Chodos v. W. Publ. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("it is generally our policy to permit amendment with 'extreme liberality'") (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990)).

Granting or denying leave to amend a complaint under Rule 15 is within the discretion of the court. *Swanson v. United States Forest Service*, 87 F.3d 339, 343 (9th Cir. 1996). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir, 1981); *Chudacoff v. Univ. Med. Ctr.*, 649 F.3d 1143, 1152 (9th Cir. 2011) ("refusing Chudacoff leave to amend a technical pleading error, albeit one he should have noticed earlier, would run contrary to Rule 15(a)'s intent.").

A court ordinarily considers five factors to assess whether to grant leave to amend: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). In conducting this five-factor analysis, the court generally grants all inferences in favor of permitting amendment. *Griggs v. Pace Am. Group, Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). Moreover, the court must be mindful that, for each of these factors, the party opposing amendment has the burden of showing that amendment is not warranted. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

The Court may deny a motion for leave to amend if permitting an amendment would, among other things, cause an undue delay in the litigation and prejudice the opposing party. Courts

have found amendments to be prejudicial to the nonmoving party when leave to amend is sought as a discovery deadline nears or already passed. *See*, *e.g., Zivkovic*, 302 F.3d at 1087; *Lockheed Martin Corp. v. Network Sols., Inc.*, 194 F.3d 980, 986 (9th Cir. 1999) ("A need to reopen discovery and therefore delay the proceedings supports a district court's finding of prejudice from a delayed motion to amend the complaint.").

**III. Parties' Contentions**

In support of their motion, Plaintiffs assert that good cause exists to modify the scheduling order to allow them to file the proposed FAC attached to their motion given their diligence "uncovering an unconstitutional practice of warrantless removal, deficient training, and non-existence of training and/or a process for obtaining warrants under the circumstances of this case[.]" (Doc. 97-1 at 22). Plaintiffs contend that information supporting the claim, including through witness and party depositions and receipt of nonparty documents, was learned near the end of the period for conducting nonexpert discovery, citing specifically the Nelson body-worn camera footage, which Plaintiffs received on May 21, 2026. Plaintiffs argue that the circumstances here demonstrate that Plaintiffs "have moved as diligently as could be done, sought stipulations twice that were denied, and now must approach the Court for relief." *Id.* at 23. *See* (Doc. 101 at 1).

Defendants argue that the Court should deny Plaintiffs' motion to modify the scheduling order and deny leave to file the proposed FAC. First, Defendants note that Plaintiffs filed their motion to amend more than seven months after the November 25, 2025, pleading-amendment deadline passed. Second, Defendants argue that Plaintiffs waited 62 days after Defendants refused to stipulate to Plaintiff's request for leave to amend and after the fact discovery period closed before filing the instant motion. Third, Defendants challenge Plaintiffs' assertion that they were unable to seek leave to amend until discovering recently disclosed or learned information, noting that the role of municipal defendants to be added to the action was referenced in the original complaint. Fourth, they argue that the proposed FAC fails to satisfy Federal Rule of Civil Procedure 8 as Claim One does not identify which allegation support the claims against Defendants and which allegations support municipal liability under *Monell*. (Doc. 100 at 6). Related to the merits of the proposed amendments, Defendants contend that the proposed FAC places County policy, training, notice,

deliberate indifference, custom, and causation before the Court "for the first time even though Defendants completed fact discovery without an operative claim requiring discovery concerning those subjects." *Id.* at 7. Defendants further argue that although Plaintiffs represent they seek no further discovery, Defendants require "[a] fair opportunity to defend those claims [that] would require reopened discovery and revised dispositive and pretrial deadlines" such that the resulting additional discovery and delay in this case establishes sufficient prejudice to them under Rule 15 warranting denial of Plaintiffs' motion. *Id.* at 8.

**IV. <u>Discussion</u>**

**A. Rule 16 Analysis**

Defendants are correct that Plaintiffs' motion to amend is untimely. Plaintiffs do not seriously challenge that the original – and still operative – deadline to seek leave of Court to amend the pleadings was November 25, 2025. *See* (Doc. 45). Although the Court twice has granted the parties' stipulated request to amend certain case management dates, the parties never sought, and the Court never granted, an extension of the deadline to amend pleadings. *See* (Docs. 50, 63). Plaintiffs filed the instant motion to modify the scheduling order and for leave to file the proposed FAC on July 7, 2026—13 days before the close of expert discovery, 26 days following the close of nonexpert discovery, and seven months after the pleading-amendment deadline had expired. (Doc. 97).

Notwithstanding the untimeliness of Plaintiffs' motion to amend, the dispositive inquiry before the Court is whether good cause warrants a significant expansion of the deadline for amending pleadings. As Plaintiffs note in support of their motion and argument that they diligently pursued discovery, the parties engaged in, and the Court resolved, two separate discovery disputes through the Court's informal discovery dispute procedures prior to Plaintiffs' filing of the instant motion. *See* (Docs. 87, 94). Following the Court's May 1, 2026, resolution of the discovery dispute arising from Plaintiffs' service of a subpoena pursuant to Federal Rule of Civil Procedure 45 upon nonparties Kern County Sheriff's Office ("KCSO") and Kern County Department of Human Services ("KCDHS") for the production of certain documents and information (Doc. 87), Plaintiffs began reviewing the production of discovery on May 2, 2026,

and received the "last of the body-cam footage" of deputy Jason Nelson on May 21, 2026. *See* (Doc. 97-1 at 6); (Doc. 97-2, "Powell Decl."). Plaintiffs took depositions of certain individual Defendants throughout May 2026 and learned therefrom "how uninformed the KCSO is on constitutional amendments and standards that apply in child abuse and neglect investigations[.]" *Id.* at 7. Plaintiffs summarize in their motion certain deposition testimony of numerous of the Defendants they contend gives rise to *Monell* liability arising from the proposed municipal defendants' inadequate training and/or policy deficiencies. *See id.* at 7-20.

After reviewing some of the discovery production, on May 3, 2026, Plaintiffs commenced discussions with Defendants concerning their proposed amendments to the complaint and transmitted to Defendants a redlined, proposed FAC. (Doc. 100 at 7). Defendants declined to stipulate to the filing of the FAC on May 6, 2026, and nonexpert discovery continued until the deadline on June 10, 2026. *Id.* Plaintiffs undertook eight depositions of individual defendants over a three-week period, and less than three weeks after the last of those depositions (on June 17, 2026), Plaintiffs recirculated a similar proposed FAC to Defendants seeking their stipulated consent to its filing.

Plaintiffs demonstrate good cause to warrant a belated modification to the scheduling order permitting amendment of pleadings. First, Plaintiffs adequately establish that they have proceeded diligently in pursuing discovery. They served nonparty subpoenas upon municipal agencies relatively early during the time permitted for engaging in nonexpert discovery. Although the Court perceives that Plaintiffs' attempts to gain the nonparties' compliance with the subpoenas could have been undertaken more effectively (*see* Doc. 87 at 3), that does not undermine the showing that Plaintiffs made good faith efforts to obtain relevant discovery and timely sought the Court's assistance after failing in that endeavor. Indeed, Defendants do not seriously challenge Plaintiffs' diligence in this regard as their opposition arguments largely pertain only to the approximate two-month delay that followed Defendants' notice to Plaintiffs that they would not consent to stipulated amendment of the complaint.

Second, Plaintiffs adequately demonstrate reasonable diligence in timely seeking leave to amend shortly after obtaining deposition testimony of individual Defendants that provided a

foundation for Plaintiffs' allegations supporting a municipal liability claim for failure to train against County of Kern. *See Peterson v. Nevada Cnty.*, No., 2022 WL 4357649, at *3 (E.D. Cal. Sept. 20, 2022) (finding good cause to amend case schedule under Rule 16 where "Plaintiff was not careless or at fault for the timing of Boucher's deposition" yielding information relevant to the proposed amendment); *Carranza v. City of San Pablo*, No. 4:20-cv-08443-SBA, 2022 WL 110647, at *3 (N.D. Cal. Jan. 12, 2022) (same; "the proposed amendment is based on new facts discovered during the depositions of Officers Hearn and Arguello."); *Poulos v. City of Los Angeles*, No. CV 19-496-MWF (AFMx), 2020 WL 13388320, at *2 (C.D. Cal. July 28, 2020) (same). *Cf. Hood v. Hartford Life and Acc. Ins. Co.*, 567 F. Supp. 2d 1221, 1226 (E.D. Cal. 2008) ("[T]he cumulative effect of the depositions, … and plaintiff's quick response in seeking a stipulation and moving to amend, all demonstrate plaintiff's diligence and show good cause as required under Rule 16.") *with Trejo v. Cnty. of Imperial*, No. 20-cv-1465-DDL, 2024 WL 2338252, at *4-5 (S.D. Cal. May 22, 2024) (finding plaintiffs did not act with diligence in moving for leave to amend to add a *Monell* claim almost three years after the deadline to amend the pleadings passed).

Defendants do not persuasively rebut Plaintiffs' arguments and showing that their proposed *Monell* claims were not ripe for amendment until after depositions were completed. Accordingly, the Court finds that the cumulative effect of Plaintiffs' receipt and review of deposition testimony and timeliness in seeking a stipulation and moving to amend demonstrate Plaintiffs' diligence and show good cause as required under Rule 16 to modify the scheduling order and permitted leave to amend.

**B. Rule 15 Analysis**

Having found good cause permits modification of the scheduling order to permit Plaintiffs' untimely filing of their motion to amend, the Court now considers whether granting leave to amend is warranted under Rule 15, mindful that leave to amend should be granted liberally to serve the interests of justice, but also mindful of its discretion to deny leave to amend where, for instance, amendment would be futile or where other equitable factors weigh against permitting amendment. *See Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892–893 (9th Cir. 2010).

First, the Court is not persuaded by Defendants' arguments that permitting amendment at this late juncture in the litigation would impose *undue* prejudice. As discussed above, on balance, Plaintiffs have exercised reasonable diligence in seeking discovery they contend was necessary to permit the proposed amendments. Defendants credibly challenge Plaintiffs' contention that no additional discovery will be necessary if amendment is permitted and argue they will need time to potentially engage in additional discovery in defense of the new claims and allegations. But Defendants do not identify with any specificity any discovery they believe will be warranted, and as such, their arguments regarding prejudice are not compelling. Moreover, any material prejudice resulting from permitting amendment may be ameliorated by re-opening discovery for the limited purpose of permitting Defendants additional time to take discovery. Separately, although Plaintiffs unquestionably engaged in some delay before moving to amend following Defendants' decision to decline to stipulate to an amended pleading, Plaintiffs continued to undertake depositions during the weeks immediately following and Defendants have not credibly challenged Plaintiffs' characterization of that deposition testimony as being important to the proposed amended claims.

Defendants also argue that leave to amend should be denied because the proposed FAC's new allegations do not withstand scrutiny under Fed. R. Civ. P. 8 and the municipal liability claims fail under Fed. R. Civ. P. 12(b)(6). (Doc. 100 at 18-25). Defendants argue Plaintiffs fail to adequately allege the proposed municipal defendants' conduct supporting claims against them and fail to properly plead the elements deliberate indifference, a well-settled custom or pre-removal notice, and the moving-force causation to state their municipal liability claims. *See id.*

"[L]eave to amend should be denied as futile … 'only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense[.]'" *Barahona v. Union Pac. R.R. Co*., 881 F.3d 1122, 1134 (9th Cir. 2018) (citing *Miller v. Rykoff-Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir. 1988)). "Denial of leave to amend on this ground is rare. Ordinarily, courts will defer consideration of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed." *Netbula, LLC v. Distinct Corp*., 212 F.R.D. 534, 539 (N.D. Cal. 2003). Mindful of these authorities, the Court finds that, at this stage, amendment of the pleadings is warranted under Rule 15. The Court is unable to

find Plaintiffs' proposed additions in the FAC, including allegations in support of municipal liability claims against County of Kern based on failure to train and/or deficient policy, are necessarily futile. Any merits-based challenge Defendants assert as to pleading deficiencies under Rule 8 and Rule 12(b)(6) are better suited for consideration on a motion to dismiss.

Nevertheless, the Court finds some force to Defendants' arguments that the shotgun nature of Plaintiffs' proposed amendments are questionable under Rule 8. As the undersigned has admonished counsel for Plaintiffs in a related action, even where plaintiffs plead "detailed facts" throughout the body of their complaint, the Ninth Circuit permits district courts to dismiss shotgun pleadings under Rule 8 where "[a]ll details evaporate when [Plaintiffs] had to link their facts to their causes of action." *See Perez v. Cnty. of Kern*, No. 1:25-cv-00358-CDB, 2026 WL 1614077, at *12 (E.D. Cal. June 4, 2026) (citing *Gibson v. City of Portland*, 165 F.4th 1265, 1291 (9th Cir. 2026) (affirming dismissal of complaint as a shotgun pleading, notwithstanding that it set forth detailed facts in 252 numbered paragraphs). Here, for instance, despite pleading factual allegations in at least 60 separately numbered paragraphs, Plaintiffs' proposed amendments to add the County of Kern to their existing claim under Section 1983 ("First Claim for Relief") do not clearly link those factual allegations to the County of Kern's charged conduct.

Accordingly, the Court will grant Plaintiffs' motion for leave to file an amended complaint and direct them to file a first amended complaint that remedies any possible deficiencies under Rule 8 as discussed above.

**V. <u>Conclusion and Order</u>**

Accordingly, it is HEREBY ORDERED that:

1. Plaintiffs' motion for leave to modify the scheduling order and for leave to file a first amended complaint (Doc. 97) is GRANTED;
2. No later than October 13, 2026, Plaintiffs SHALL FILE a first amended complaint as Plaintiffs' operative pleading;
3. Defendants SHALL FILE their response to the first amended complaint pursuant to Fed. R. Civ. P. 15; and

4. The parties SHALL FILE no later than **October 19, 2026**, a joint status report stipulating to or proposing any revised case management dates, including for discovery, non-dispositive and dispositive motions, pretrial conference, and trial.

IT IS SO ORDERED.

Dated: **October 5, 2026**

UNITED STATES MAGISTRATE JUDGE